**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TEYANA GIBSON BROWN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, *et al.*, <br><br> *Defendants*. | No. 1:26-cv-01131-TSC |

**DEFENDANTS' MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)**

Defendants respectfully hereby request an order excusing compliance with any requirement under Local Civil Rule 7(n), to the extent it applies here, to file a certified list of the contents of the administrative record ("AR Index"). Defendant respectfully requests that the Court stay the deadline to file the certified AR Index until sixty days after Defendant files an answer to Plaintiff's Complaint, should an answer be necessary after the Court rules on the Motion to Dismiss. In support of their motion, Defendants state as follows:

1.      Local Rule 7(n) states:

In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

2.      On its face, Local Civil Rule 7(n) appears to impose this requirement on any dispositive motion, even one to dismiss under Federal Rule of Civil Procedure 12(b) that does not rely on an administrative record. Defendants have filed such a motion to dismiss the Complaint in this case. *See* ECF No. 31.

1

3.      However, Local Civil Rule 7(n) also indicates that it is meant to aid in the decision of a dispositive motion that relies on an administrative record. *See* LCvR 7(n)(1) (requiring "an appendix containing copies of those portions of the administrative record that *are cited or otherwise relied upon* in any memorandum in support of or in opposition to any dispositive motion" (emphasis added)). The comment to the Local Civil Rule further notes that "[t]his rule is intended to assist the Court in cases involving a voluminous record." Cmt. to LCvR 7(n). Defendants' motion to dismiss does not cite to or otherwise rely on the administrative record, and thus the justification behind Local Civil Rule 7(n) does not apply at this juncture.

4.      Local Rule 7(n) is not properly interpreted to require an agency defendant to file a list and produce the administrative record to a plaintiff in cases where the defendant files a motion to dismiss that does not rely on the administrative record. To conclude otherwise would lead to absurd results, like requiring production of the administrative record when the defendant seeks dismissal under Federal Rule of Civil Procedure 4(m) because plaintiff never served a summons and complaint, or when the defendant seeks dismissal on statute of limitations grounds because plaintiff challenges agency action that occurred decades ago. Interpreting Local Rule 7(n) to compel production of an administrative record that is not germane to the issues presented in a Rule 12(b) motion would effectively prevent the agency from seeking dismissal solely on the basis of the complaint. *See* Fed. R. Civ. P. 12.

5.      The point of the rule is not to ensure that motions to dismiss are always based on an administrative record. It is to ensure that the Court is not unnecessarily burdened with the filing of an administrative record in cases where a dispositive motion relies on such a record. *See, e.g.*, *Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (explaining that LCvR 7(n) is intended to assist the Court in cases involving

a voluminous record and that failure to file a certified list under the rule is "immaterial" to resolution of a motion to dismiss where motion turned on complaint and documents attached thereto).

6.      In any event, the Court should waive any applicable requirement in Local Civil Rule 7(n) under the circumstances here. The D.C. Circuit has long recognized that a court can resolve claims at the motion to dismiss stage without the administrative record where the record is not germane to the issues presented in the motion. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266–67 (D.C. Cir. 2001) (affirming district court's dismissal of Plaintiff's claims and rejecting appellant's argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss).

7.      In turn, "the general practice in this Court" is to waive Local Civil Rule 7(n) when "the administrative record is not necessary for [the court's] decision." *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2022) (citation omitted). Courts in this District "routinely allow agencies to waive compliance with Rule 7(n)(1)" where, as here, "the administrative record is not necessary for the court's decision." *Sharifymoghaddam v. Blinken*, 2023 WL 8047007, at *3 (D.D.C. Nov. 17, 2023) (quoting *Eljalabi v. Blinken*, 2022 WL 2752613, at *3 n.3 (D.D.C. July 14, 2022)); *see, e.g.*, *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Rule 7(n) in case challenging agency action when dispositive motion at issue raised only threshold jurisdiction and failure to state a claim arguments); *Connecticut v. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (waiving Local Rule 7(n) "because the Court need not consider the administrative record in evaluating the motions before it").[1] An order waiving compliance with

[1] *See also, e.g.*, *E. Atl. Servs. & Trading LLC v. Mayorkas*, 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); Minute Order, *Oregonians for Floodplain Prot.* v. *U.S. Dep't of Commerce*, No. 1:17-cv-

Local Rule 7(n) is appropriate "when 'the administrative record is not necessary for [the court's] decision' regarding a motion to dismiss.'" *Patterson v. Haaland*, 2022 WL 4534685, at *1 n.2 (D.D.C. Sept. 28, 2022) (quoting *Connecticut*, 344 F. Supp. 3d at 294).

8.      Because Defendants' motion to dismiss does not cite to or rely on the administrative record, and the record is unnecessary to resolving the threshold issues presented in the motion (jurisdiction under Rule 12(b)(1) and plausibility of the asserted claims under Rule 12(b)(6)), Defendants respectfully request that the Court waive the requirement in Local Civil Rule 7(n) to "file a certified list of the contents of the administrative record . . . simultaneously with the filing of" their Rule 12(b) motion.

9.      In this case, Defendants' motion to dismiss does not rely on the administrative record and thus does not trigger any obligation to produce such a record or to file a certified list of its contents under Local Rule 7(n). Production of an administrative record at this time is particularly inappropriate given that the government argues that Plaintiffs have failed to allege jurisdiction or advance a cognizable claim under the APA. ECF No. 31-1 at 8-29.

10.     Because Defendants' motion to dismiss centers on purely legal issues, an administrative record index is not necessary to decide the case. The motion can be decided on the face of the Complaint supplemented by the Lyons Guidance and a sample Form I-205 both of which are incorporated by reference into the Complaint and may thus be considered. *See* ECF No. 31-1 at 3 nn.1-2.

---

01179 (D.D.C. Sept. 4, 2017); Minute Order, *Fitzgerald v. Fed. Transit Admin.*, No. 1:14-cv-01471-RJL (D.D.C. Feb. 17, 2015); Minute Order, *U.S. Ass'n of Reptile Keepers v. Jewell,* No. 1:13-cv-02007-EGS (D.D.C. Jan. 28, 2014); Minute Order, *Friends of Animals v. Ashe*, No. 13-cv-1580-BAH (D.D.C. Dec. 23, 2013).

11.    Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiff, who relayed that they oppose the motion.

Dated: June 29, 2026                    Respectfully submitted,

                                         BRETT A. SHUMATE
                                         Assistant Attorney General

                                         ALEXANDER K. HAAS
                                         Branch Director
                                         Federal Programs Branch

                                         JACQUELINE COLEMAN SNEAD
                                         Assistant Director, Federal Programs Branch

                                         /s/ *J. Stephen Tagert*
                                         J. STEPHEN TAGERT
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, N.W.
                                         Washington, DC 20005
                                         Tel.: (202) 305-5486
                                         stephen.tagert@usdoj.gov
                                         *Counsel for Defendants*