# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TEYANA GIBSON BROWN, *et al.*,
*Plaintiffs*,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*, *et al.*,
*Defendants*.

Case No. 1:26-cv-1131-TSC

**PLAINTIFFS' UNOPPOSED MOTION TO HOLD IN ABEYANCE BRIEFING ON DEFENDANTS' MOTION TO DISMISS**

1

Plaintiffs respectfully request the Court to enter an order (1) holding in abeyance all briefing deadlines associated with Defendants' Motion to Dismiss, Dkt. No. 31, filed on June 23, 2026, to allow for resolution of filed and forthcoming motions that bear on the motion to dismiss; and (2) setting deadlines for those motions. Specifically, Plaintiffs request that the Court enter the schedule set forth in the attached Proposed Order for briefing on Defendants' Motion for Relief from Local Civil Rule 7(n), Dkt. No. 35, filed on June 29, 2026, and Plaintiffs' forthcoming Opposition and Motion for Jurisdictional Discovery. Further development of the jurisdictional record in light of the evidence outside the pleadings that Defendants have already submitted will allow both parties to fully brief the Court on the issues for decision in Defendants' pending Motion to Dismiss. Should the Court deny this Motion, Plaintiffs request an extension of time to file their Opposition to Defendants' Motion to Dismiss, presently due on July 7, until July 21. Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel regarding this motion, and Defendants' counsel responded that Defendants do not oppose the relief sought.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a previously secret memorandum (the "Home Entry Memo" or "Memo") that authorizes DHS agents to enter the homes of persons subject to final orders of removal without judicial warrants. Plaintiffs, all of whom have had DHS agents storm into their homes without judicial warrants pursuant to the Home Entry Memo, seek to have the Memo vacated, set aside, and declared unlawful and unconstitutional on the grounds that the policy set forth in the Memo violates the Fourth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and the Federal Vacancies Reform Act.

Plaintiffs filed their Complaint on April 2, 2026. Defendants sought a three-month extension of time to respond to the Complaint based on unsworn assertions that DHS had

"paused" and was reviewing the policy of entering homes without judicial warrants. Dkt. No. 11. Plaintiffs opposed that motion on the ground, among others, that Defendants had declined to provide more specific information about the nature of the alleged "pause." Dkt. No. 12. The Court denied the motion, Minute Order, May 29, 2026, but invited Defendants to provide additional information supporting their request.

Defendants did not do so. Instead, on June 23, 2026, Defendants elected to file a Motion to Dismiss. That motion raised jurisdictional arguments that rely on factual assertions outside the scope of the Complaint. In support of some of those assertions, Defendants filed two declarations from DHS officials. Among the factual assertions contained in those declarations are claims about where and how often the policy set forth in the Memo has been enforced, Defs.' Mem. Supp. Mot. Dismiss, Dkt. 31-1 at 6–7, 13–14; Castano Decl. ¶¶ 7–23, information that has been communicated by unnamed officials at unspecified times and in unspecified formats to DHS law enforcement personnel, Dkt. No. 31-1 at 6–7; Castano Decl. ¶¶ 9, 15, 20, 21–23, and plans for future enforcement of the policy, Dkt. No. 31-1 at 6–7, 13–14, 27; Castano Decl. ¶¶ 21–23.

Under Local Civil Rule 7(n)(1), Defendants were required to "file a certified list of the contents of the administrative record" "simultaneously with the filing" of their dispositive motion. They did not do so. Rather, a week later, Defendants filed a motion for relief from the rule, asserting that they are not required to produce an administrative record because their arguments for dismissal are purely legal—despite filing the two factual declarations alongside their Motion to Dismiss. Plaintiffs disagree and will oppose this motion. In conjunction with their Opposition to Defendants' Motion for Relief under Local Civil Rule 7(n), Plaintiffs intend to file a Motion for Jurisdictional Discovery, which Defendants' have communicated they will oppose, to obtain information necessary to respond to Defendants' claims that Plaintiffs lack

standing, that the case is moot due to the alleged "pause" in enforcement, and that the policy set forth in the Home Entry Memo is not "final agency action." Dkt. No. 31-1 at 8–10; *id*. at 6, 14 (citing Castano Decl.); *id*. at 11–13, 27 (citing Castano Decl.).

The parties have agreed to a briefing schedule wherein Plaintiffs will file their combined Opposition to Defendants' Motion for Relief and Motion for Jurisdictional Discovery by July 20, 2026, Defendants will file their reply and opposition by August 10, 2026, and Plaintiffs will file their reply to Defendants' Opposition to Jurisdictional Discovery by August 24, 2026.

## LEGAL STANDARD

A court has inherent authority to manage deadlines in service of the efficient resolution of the case before it. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). In exercising this judgment, courts should "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

The proponent of holding a deadline in abeyance "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In considering a motion to hold a deadline in abeyance, courts must balance the court's interest in judicial economy against "any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012).

**ARGUMENT**

**I.    Resolving the Motion to Dismiss on a More Robust Jurisdictional Factual Record Favors Judicial Economy**

Defendants' 12(b)(1) Motion to Dismiss relies on factual assertions that Plaintiffs are entitled to investigate through an administrative record and jurisdictional discovery to respond to Defendants' claims. Where resolution of one matter significantly alters the parties' arguments, clarifies issues, or assists the court in resolution of the case, it is empowered to stay or otherwise suspend pending deadlines. *See, e.g.*, *Rice v. Astrue*, No. 4:06-cv-02770, 2010 WL 3607474, at *2 (D.S.C. Sept. 9, 2010) ("[A] [c]ourt possesses the authority to hold a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot.").

Defendants' Motion to Dismiss relies on evidence outside of Plaintiffs' Complaint to challenge the Court's subject matter jurisdiction. *See* Dkt No. 31-1 at 11–23. "Where a defendant's motion to dismiss attacks 'the factual basis of the court's jurisdiction,' jurisdictional discovery is appropriate to assist the Court in resolving issues of fact relevant to standing." *Food & Water Watch v. Trump*, 357 F. Supp. 3d 1, 9 (D.D.C. 2018) (quoting *Phoenix Consulting, Inc. v. Republic of Angl.*, 216 F.3d 36, 40 (D.C. Cir. 2000)). Plaintiffs intend to file a Motion for Jurisdictional Discovery in combination with their Opposition to Defendants' Motion for Relief from Local Civil Rule 7(n) seeking limited discovery into the evidence Defendants rely on to establish mootness and challenge Plaintiffs' standing. At a minimum, Plaintiffs believe additional discovery is needed to both test and clarify ambiguous statements in the declarations relied on by Defendants. *E.g.*, Castano Decl. ¶ 12 (stating that Defendants executed warrantless entries in "approximately" three instances but providing no detail about those entries or whether they involved the three entries suffered by Plaintiffs); *id.* ¶ 20 (stating that agents in Dallas

"considered" implementing Home Entry Memo); *compare* Castano Decl. ¶ 9 *with* Compl. ¶¶ 138–40 (Defendants state that the Home Entry Memo "would be fully implemented only in Minnesota, Louisiana, and Texas" but Plaintiffs allege warrantless entry occurred in Oregon). Defendants have indicated they oppose any discovery. Resolution of this dispute will determine what facts the Court will have before it when it decides Defendants' Motion to Dismiss and will inform Plaintiffs' arguments.

The parties also dispute whether and to what extent the Defendants must produce an administrative record to support the factual and facial attacks in their Motion to Dismiss. Defendants filed a Motion for Relief from Local Rule 7(n) on June 29, which Plaintiffs intend to oppose in conjunction with their Motion for Jurisdictional Discovery on July 20. And like resolution of the question of jurisdictional discovery, resolution of whether Defendants need to comply with Rule 7(n) at this stage will inform Plaintiffs' arguments and determine the factual record on which the Court decides Defendants' Motion to Dismiss.

## II. Defendants will not be prejudiced by a short delay that clarifies the issues to be briefed in response to the Motion to Dismiss.

Defendants do not oppose Plaintiffs' request to hold in abeyance briefing on Defendants' Motion to Dismiss while these antecedent factual disputes are litigated and the parties have agreed to a briefing schedule. Where the interests of the parties in a change to scheduling dates are aligned, as here, there is no prejudice. Moreover, the parties' proposed briefing schedule will further judicial economy by streamlining the resolution of issues that will inform the Motion to Dismiss briefing and the Court's decision.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion and enter the attached Proposed Order for Plaintiffs' forthcoming Combined Opposition and Motion. In the

5

alternative, the Court should grant Plaintiffs a 21-day extension of time to file their Response in

Opposition to Defendants' Motion to Dismiss.

Dated: July 1, 2026

Respectfully submitted,

*/s/* Kristy Parker
Kristy Parker, D.C. Bar No. 1542111
Shalini Goel Agarwal, D.C. Bar No. 990963
**Protect Democracy Project**
2020 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 579-4582
kristy.parker@protectdemocracy.org
shalini.agarwal@protectdemocracy.org

Conor Gaffney***
**Protect Democracy Project**
201 St. Charles Ave, Suite 114
New Orleans, LA 70170
Tel: (202) 579-4582
conor.gaffney@protectdemocracy.org

Julia L. Torti***
**Protect Democracy Project**
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
jules.tori@protectdemocracy.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
**ACLU Foundation of the District of Columbia**
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: (202) 457-0800
mperloff@acludc.org
ashah@acludc.org

Jenn Rolnick Borchetta***
Sapana Anand***
**American Civil Liberties Union Foundation**

7

125 Broad Street
New York, NY 10004
Tel: (914) 462-2363
jborchetta@aclu.org
sanand@aclu.org

Spencer Amdur*
Oscar Sarabia Roman*
**American Civil Liberties Union
Foundation**
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0770
samdur@aclu.org
osarabia@aclu.org

Kathryn Huddleston**
Lucia Goin, D.C. Bar No. 1739389
**American Civil Liberties Union
Foundation**
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Tel: (212) 549-2500
khuddleston@aclu.org
lgoin@aclu.org

Benjamin Casper***
Teresa Nelson***
Catherine Ahlin-Halverson***
Alicia Granse***
**American Civil Liberties Union of
Minnesota**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
bcasper@aclu-mn.org
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

8

James K. Langdon***
Thomas P. Swigert***
Michael Rowe***
**Dorsey & Whitney LLP**
50 South Sixth Street, Suite 1500
 Minneapolis, MN 55402
Tel: (612) 340-2600
langdon.jim@dorsey.com
swigert.tom@dorsey.com
rowe.michael@dorsey.com

Steven J. Wells*
1201 Yale Place, #1806
Minneapolis, MN 55403
(612) 360-7870
stevewells612@gmail.com

*Application for pro hac vice forthcoming.
**Admitted to practice in Texas and
Arizona. Practice limited to federal courts
and under the supervision of a member of
the D.C. Bar.
*** Admitted pro hac vice.

9