## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TEYANA GIBSON BROWN, *et al.*,
*Plaintiffs*,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the Department of Homeland Security*, *et al.*,
*Defendants*.

Case No. 1:26-cv-1131-TSC

## PLAINTIFFS' COMBINED MOTION FOR JURISDICTIONAL DISCOVERY AND OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)

**TABLE OF CONTENTS**

Table of Authorities.................................................................................................... ii

Introduction ..........................................................................................................1

Background.............................................................................................................1

Argument ...............................................................................................................4

    I.      Plaintiffs are entitled to jurisdictional discovery.............................................4

    II.     Defendants' Motion for Relief from Local Rule 7(n) should be denied. ........................8

Conclusion ...........................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Aref v. Lynch*,
    833 F.3d 242 (D.C. Cir. 2016)............................................................................................6

*Connecticut v. United States Department of the Interior*,
    344 F. Supp. 3d 279 (D.D.C. 2018)....................................................................................8

*Diamond Chemical Co. v. Atofina Chemicals, Inc.*,
    268 F. Supp. 2d 1 (D.D.C. 2003)........................................................................................4

*Doe v. Washington Metropolitan Area Transit Authority*,
    453 F. Supp. 3d 354 (D.D.C. 2020).....................................................................................4

*Food & Water Watch v. Trump*,
    357 F. Supp. 3d 1 (D.D.C. 2018).........................................................................................4

*Holland v. Cardem Insurance Co.*,
    2020 WL 9439381 (D.D.C. June 22, 2020) .........................................................................4

*Jahani v. Rubio*,
    No. 25-CV-989 (TSC), 2025 WL 3653542 (D.D.C. Dec. 17, 2025) .......................................8

*Lopes v. Jetsetdc, LLC*,
    4 F. Supp. 3d 238 (D.D.C. 2014).........................................................................................5

*Sierra Club v. EPA*,
    292 F.3d 895 (D.C. Cir. 2002).............................................................................................9

*United Spinal Association, Inc. v. O'Malley*,
    No. 20-CV-2236 (TSC), 2024 WL 3400259 (D.D.C. July 11, 2024) .....................................6

*United Spinal Association, Inc. v. O'Malley*,
    No. 24-5208, 2024 WL 4631680 (D.C. Cir. Oct. 29, 2024)...................................................6

*Vargus v. McHugh*,
    87 F. Supp. 3d 298 (D.D.C. 2015)...........................................................................8, 9, 10, 11

*Walter O. Boswell Memorial Hospital v. Heckler*,
    749 F.2d 788 (D.C. Cir. 1984)..........................................................................................9, 10

ii

*Worth v. Jackson*,
   483 F. Supp. 2d 1 (D.D.C. 2004)......................................................................................4, 5

**Rules**

Local Civil Rule 7(n)................................................................................................................3, 8

**INTRODUCTION**

Defendants seek to dismiss Plaintiffs' case based on evidence outside the Complaint and to foreclose their ability to test that evidence, both by opposing the motion for jurisdictional discovery that Plaintiffs now file[1] and by moving to withhold the administrative record required under Local Civil Rule 7(n). The Court should reject this procedural sleight of hand. Rather than taking Defendants' word for the facts they claim entitle them to dismissal on standing and mootness grounds—a ploy this Court has already rejected, Min. Order, May 29, 2026—the Court should order the limited jurisdictional discovery Plaintiffs propose below. Likewise, Defendants' motion to be excused from Rule 7(n) should be denied because neither Plaintiffs nor the Court can evaluate the evidence Defendants rely on in their motion to dismiss without the administrative record. The Rules of Civil Procedure and this Court's local rules, the cases interpreting them, and the basic rules of procedural fairness require this result.

**BACKGROUND**

On April 2, 2026, Plaintiffs filed a Complaint challenging a memorandum ("the Home Entry Memo") issued with deliberate secrecy that permits any Department of Homeland Security ("DHS") agent to forcibly enter homes without a judicial warrant. Dkt. 1. The Complaint alleges this policy runs afoul of well-established Fourth Amendment protections for the home and is contrary to longstanding DHS policy, which expressly prohibited entering homes to enforce final orders of removal without consent or a judicial warrant. *See, e.g., id.* at 3-4. Each of the Plaintiffs—including those who are United States citizens—had their homes invaded under this policy and face an ongoing threat of future unlawful home invasions. *Id.* at 4-6; 17-30; 33-35. In

---

[1] Plaintiffs met and conferred with Defendants' Counsel on July 1 and July 17, 2026, and asked their position on Plaintiffs' limited jurisdictional discovery request. Defendants' counsel stated their opposition to any such discovery.

addition to violating the Fourth Amendment, the Complaint alleges that the issuance and enforcement of the Home Entry Memo violates the Administrative Procedure Act ("APA"), and the Federal Vacancies Reform Act ("FVRA"). *Id.* at 36-42.

On May 21, 2026, Defendants moved for a three-month extension of their deadline to respond to the Complaint, which Plaintiffs opposed. Defendants cited the following in support of their claim the extension was warranted to permit further review that "might be dispositive of this action":

- Defendant Mullin's testimony in his March 18, 2026, confirmation hearing to the effect "that if confirmed as head of the agency, ICE officers will not enter a home without a judicial warrant unless [they] are pursuing the individual that runs into the house."

- A letter Defendant Mullin wrote to Senator Richard Blumethal dated May 8, 2026, stating that he had "paused the practice entering an illegal alien's residence who is subject to a final order of removal with an I-205 Warrant of Removal/Deportation, while [he] asses[es] the policy."

Dkt. 11 at 1-2.  The Court denied the Motion, holding:

> Defendants' stated basis—that Secretary Mullin has "paused" the challenged policy while he conducts a review—does not, without more, necessitate nor warrant such a lengthy delay in the Government's response to Plaintiffs Complaint. As Plaintiffs point out, Defendants have not proffered any details of the "pause" beyond their attached 4-sentence letter from the Secretary to Senator Blumenthal. The court is therefore left to speculate how the pause is being implement[ed], what effect it will have across the agency, how it relates to Plaintiffs' claims, and when the Secretary plans to complete his review.

 Min. Order, 5/29/26.

On June 23, 2026, Defendants filed a motion to dismiss in part for lack of subject matter jurisdiction, relying on factual assertions beyond the scope of the Complaint. The motion repackages the factual assertions advanced to the Court in May without curing any of the

2

deficiencies the Court identified. But now, instead of a lengthy delay in the litigation, Defendants contend that these facts warrant dismissal of the Complaint altogether. Defendants' principal factual argument is that the Court lacks jurisdiction because enforcement of the Home Entry Memo is "paused." In addition to citing the two pieces of information noted above, Defendants also submitted declarations from two DHS officials that purport to describe the times and locations in which the Memo has been "fully implemented," Dkt. 31-1 at 12–13, as well as the alleged fact that "relevant ICE staff have been made aware" of the "pause," and that ICE purportedly "will not execute Form I-205 warrants inside residences without consent during the pause." *Id.* at 15-16; Dkt. 31-2 (Declaration of Liana J. Castano); Dkt. 31-3 (Declaration of Valarie A. Sheppard). Finally, Defendants assert that the Memo "serve[s] as general guidance for consideration" in effectuating "an arrest in an alien's place of residence" and that it allegedly does not modify anyone's rights.  Dkt. 31-1 at 13.

In addition to relying on factual assertions outside the Complaint to support their motion to dismiss, Defendants did not produce an administrative record or otherwise comply with Local Civil Rule 7(n), which requires defendants to file a certified index of the administrative record "simultaneously with the filing of a dispositive motion." Instead, one week later, Defendants filed a motion for relief from that rule, claiming that their motion to dismiss rests on "purely legal" arguments, which it clearly does not.

In short and for the reasons stated below, Defendants cannot seek dismissal of the Complaint based on untested, cherry-picked facts outside the scope of the Complaint. Plaintiffs are entitled to the limited jurisdictional discovery proposed below and to any portions of the administrative record that relate to Defendants' factual allegations.

3

## ARGUMENT

### I.    Plaintiffs are entitled to jurisdictional discovery.

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim." *Doe v. Washington Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020). It is well established that "[w]here a defendant's motion to dismiss attacks 'the factual basis of the court's jurisdiction,' jurisdictional discovery is appropriate to assist the Court in resolving issues of fact relevant to standing." *Food & Water Watch v. Trump*, 357 F. Supp. 3d 1, 9 (D.D.C. 2018). The same is true with respect to mootness, as this Court has permitted jurisdictional discovery where the defendants argued that the case was moot because the challenged policy was no longer in effect. *Worth v. Jackson*, 483 F. Supp. 2d 1, 7–8 (D.D.C. 2004).

This Court possesses "broad discretion in resolving jurisdictional discovery disputes," and "[t]he weight of the law in this Circuit suggests that the 'standard for permitting jurisdictional discovery is quite liberal,' even when the plaintiff 'has not made out a *prima facie* case of jurisdiction as required by other jurisdictions.'" *Holland v. Cardem Ins. Co.*, 2020 WL 9439381, at *11 (D.D.C. June 22, 2020) (quoting *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003) (collecting cases)).

Defendants' jurisdictional arguments rest on factual assertions outside the Complaint and Plaintiffs require discovery to investigate those assertions. Defendants contend that Plaintiffs lack standing "because the surge in Minnesota ended," and that the case is moot because of the purported "pause" on the policy of entering people's homes without a judicial warrant implemented by Defendant Mullin. Dkt. 31-1, 10-11. Given these "challenges to the factual basis for the Court's subject matter jurisdiction," Plaintiffs "must 'be given an opportunity for

4

discovery of facts necessary to establish jurisdiction.'" *Lopes v. Jetsetdc, LLC*, 4 F. Supp. 3d 238, 242 (D.D.C. 2014) (quoting *Ignatiev v. United States,* 238 F.3d 464, 467 (D.C. Cir. 2001)).

On mootness in particular, Defendants rely on the Castano declaration, which states that Defendant Mullin "publicly confirmed" the pause in a May 8 letter to Senator Blumenthal, that "[r]elevant ICE staff have been made aware of this decision," and that "ERO [Enforcement and Removal Operations] will not execute Form I-205 warrants inside residences without consent during this pause." Dkt. 31-2 (Castano Decl.) ¶¶ 21 –23. These threadbare, vague assertions in the passive voice raise more questions than provide answers. For example, the declaration does not provide any detail on who the relevant ICE staff are, how they were "made aware" of the pause, what they were told about it, and by whom. It provides barely anything more than a reference to the "4-sentence letter" from Defendant Mullin to Senator Blumenthal and continues to require Plaintiffs and this Court to "speculate how the pause is being implemented, what effect it will have across the agency, how it relates to Plaintiffs' claims, and when the Secretary plans to complete his review." Min. Order, May 29, 2026. The Castano declaration therefore does not "address[] the court's [previously] stated concerns." *Id.* As in *Worth*, given that "the current state of the record does not permit the Court to find" that Plaintiffs' challenges to the warrantless home entry policy are moot, discovery is warranted to permit Plaintiffs to test Defendants' factual assertions. *Worth*, 483 F. Supp. 2d 1, 7–8 (D.C. Cir. 2004) .

Furthermore, although Defendants represent that they have "paused" the policy to "assess" it, they maintain that the policy is constitutional and lawfully promulgated under the APA. Dkt. 31-1 at 23-24. They also have been clear that the policy has not been rescinded. Ex. A, Mot. for Extension, Dkt. 11-1 (Mullin letter to Sen. Blumenthal). These representations raise a substantial likelihood that even if Defendants have momentarily ceased enforcing the policy,

5

they will resume enforcement in the future. This presents an additional need for discovery to test Defendants' evidence and arguments for mootness, as such a cessation, if there indeed is a cessation, likely falls into the voluntary cessation exception to mootness. *See, e.g., United Spinal Ass'n, Inc. v. O'Malley*, No. 20-CV-2236 (TSC), 2024 WL 3400259, at *4 (D.D.C. July 11, 2024), *appeal dismissed*, No. 24-5208, 2024 WL 4631680 (D.C. Cir. Oct. 29, 2024) ("Voluntary cessation only moots a case if "the party urging mootness demonstrates that (1) 'there is no reasonable expectation that the alleged violation will recur,' and (2) 'interim relief or events have completely or irrevocably eradicated the effects of the alleged violation.'") (quoting *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997)); *Aref v. Lynch*, 833 F.3d 242, 251 (D.C. Cir. 2016) (concluding a challenge to confinement practices was not moot after people had been removed from the challenged units, where the agency continued to assert that its practices were lawful and the plaintiffs were faced with the possibility of again being subjected to the same confinement in the future). For example, to determine whether "the purpose of the voluntary act was to manipulate the court's jurisdiction," *O'Malley*, 2024 WL 3400259, at *5, further details regarding the purported "pause," such as when exactly it was implemented relative to this and other litigation challenging the unlawful home entry practice, would be useful.

Plaintiffs accordingly request discovery limited to the factual issues raised by Defendants' 12(b)(1) motion to dismiss. Specifically, Plaintiffs move for leave to seek up to 15 requests for production, 15 interrogatories, and three depositions, total, on the following topics:

- **(Mootness)** Defendants asserted "pause" of implementation of the Home Entry Memo, including but not limited to:

- o How the "pause" has been communicated, directed, and implemented throughout the Department of Homeland Security, including through instruction and training at the Federal Law Enforcement Training Centers;

- o Who the "[r]elevant ICE staff" are who are referenced in the Castano declaration, Dkt. 31-2 ¶ 22, and when and how they were informed of the purported "pause";

- o The timeline for, scope of, and status of Secretary Mullin's "assessment" of the Home Entry Memo, *id.* ¶ 21, and other information related to the duration of the purported "pause."

- **(Standing)** Defendants' implementation of the Home Entry Memo in the St. Paul Area of Responsibility from May 2025 to the time of the filing of Plaintiffs' Complaint, including but not limited to:

- o Information related to the determination that the Home Entry Memo "would be fully implemented only in Minnesota, Louisiana, and Texas," *id.*, ¶ 9;

- o Information related to Defendants' "evaluat[ion] [of] the utility and impact" of the Home Entry Memo, *id.*;

- o Information related to the "approximately three" warrantless home entries alleged by Defendants to have occurred in a single operation lasting only several days in Minnesota, *id.*, ¶ 12;

- o Information related to any warrantless home entries in Minnesota in addition to those conducted in this operation, including the incidents alleged by Plaintiffs;

- o Information related to the "specialized training" received by DHS agents in Minnesota "which included the limited number of circumstances in which the [Home Entry Memo] applies," *id.*, ¶11;

7

o   Information related to the "supervisory review and consultation with OPLA" sought by DHS agents in Minnesota before executing warrantless home entries, *id.*, ¶ 14;

o   Information related to the verbal advice DHS agents in Minnesota received that "leadership would no longer be providing approved Form I-205 warrants for use in residences." *id.*, ¶ 15.

## II.     Defendants' Motion for Relief from Local Rule 7(n) should be denied.

"In cases involving the judicial review of administrative agency actions," Local Civil Rule 7(n) requires defendants to file a certified index of the administrative record "simultaneously with the filing of a dispositive motion." When a dispositive motion raises only legal issues *and* those issues can be resolved without an administrative record, courts may in their discretion waive compliance with Local Rule 7(n). *See, e.g.*, *Connecticut v. United States Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (excusing defendant's Local Rule 7(n) obligations when motion to dismiss could be analyzed solely within the four corners of the complaint); *Jahani v. Rubio*, No. 25-CV-989 (TSC), 2025 WL 3653542, at *4 (D.D.C. Dec. 17, 2025) (same); *cf. Vargus v. McHugh*, 87 F. Supp. 3d 298 (D.D.C. 2015) (enforcing Local Rule 7(n) when motion to dismiss references evidence that may be in the administrative record); Order, *Jordan v. Federal Bureau of Prisons*, No. 20-CV-01478 (CKK) at 2-3. (D.D.C. Dec. 23, 2020) (same).

Defendants claim that is the case here, asserting that "Defendants' Motion to Dismiss centers on purely legal issues." Dkt. No. 35 at 4. This is plainly false. As shown above, Defendants' motion to dismiss mounts a factual attack on the Court's subject matter jurisdiction, relying on evidence outside the pleadings to argue that Plaintiffs lack standing and that the case is moot. *See* Dkt. No. 31-1 at 15-16, 17-20, 22-23. Because Defendants have chosen to introduce

8

this additional information, some of which "might properly appear in an administrative record," *Vargus*, 87 F. Supp. 3d at 301, both the Court and the Plaintiffs should have the benefit of the full record, rather than just Defendants' selections from it, in resolving these threshold jurisdictional questions. *See Sierra Club v. EPA*, 292 F.3d 895, 900–901 (D.C. Cir. 2002) (observing that, when a defendant challenges standing with evidence beyond the complaint, it may be necessary to look to the administrative record to determine standing). Defendants' Motion to Dismiss requires an administrative record and Local Rule 7(n) should be enforced.

Defendants' arguments for dismissal on standing and mootness grounds rely on "a miscellany of documents, many of which might properly appear in an administrative record." *Vargus*, 87 F. Supp. 3d at 301 (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)). Defendants argue that Plaintiffs' case is moot, relying on a declaration from senior ICE official Liana Castano. Dkt. 31-1 at 22-23. Defendants also argue that Plaintiffs lacked standing at the time they filed their lawsuit, again relying on statements from Castano's declaration. *Id.* at 10 (arguing Plaintiffs lack standing "because the surge in Minnesota ended"). Defendants argue that the Home Entry Memo is not final agency action under the APA, but rather simply "a guidance document," citing to Castano's declaration. *Id.* at 13. Finally, Defendants argue that Plaintiffs' FVRA claim fails, relying on a declaration of a senior ICE human resources officer and a document from the White House. *Id.* at 35. To the extent these factual assertions rely on documents such as agency memoranda, correspondence, and/or other materials, those documents should be in an administrative record produced to Plaintiffs along with a certified index of the record filed with the Court pursuant to LCvR 7(n).

Defendants' challenge should not be decided solely on the selective factual picture that Defendants have painted. To proceed in this manner would be, as the D.C. Circuit has explained,

9

"fundamentally unfair." *Boswell Mem'l*, 749 F.2d 788, 793. Allowing Defendants to decide which portions of the record Plaintiffs and the Court have access to creates an "asymmetry in information" that "undermines the reliability of a court's review upon those portions of the record cited by one party or the other." *Id.* Defendants' declarations assert that the policy in the Home Entry Memo was rolled out only in select jurisdictions to test its "utility and impact," Dkt. 31-2, ¶ 9, that it merely provided "operational guidance," *id.* ¶ 7, and that the current "pause" is to allow Defendant Mullin to "assess the policy," *id.*, ¶ 21.

An administrative record of DHS's decisionmaking in adopting the Home Entry Memo is likely to shed light on all these factual assertions, each of which Defendants rely on to argue mootness and lack of standing. The administrative record may reveal whether it is true that the Home Entry Memo was initially applied only in three jurisdictions, or whether it was intended to be applied "nationwide," as Defendants insist it can be. Indeed, the scope of the Home Entry Memo's application—which is at the core of Defendants' factual attack against Plaintiffs' standing—is highly likely to be part of decisionmaking reflected in an administrative record. The administrative record may also reveal whether Defendants viewed the Memo as merely "providing operational guidance," or as reversing the agency's "historical[]" policy, as the Memo admits on its face. *See* Ex A, Compl. at 18, Dkt. 1-1. And the administrative record, by documenting the assessment and analysis prior to the issuance of the Home Entry Memo, may reveal the extent to which DHS's position is in need of further "assessment," which Defendants offer to substantiate their assertion the policy is "paused." Accordingly, "whether the Government is correct is a question best answered by the Administrative Record," (in addition to the limited jurisdictional discovery requested above) and Defendants should be held to their obligations under Local Rule 7(n). *Vargus*, 87 F. Supp. 3d at 302.

10

*Vargus v. McHugh* is instructive. There, the Government filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) arguing the case was moot and that the plaintiff had failed to state a claim. *Id.* at 300. In doing so, the Government relied on several pieces of evidence, including affidavits of two federal officials. *Id.* at 301. Though the Government argued, as Defendants do here, that the court did not need to rely on the administrative record and could instead use the affidavits provided by the Government, the court rejected the idea of using one party's evidence to decide the motion to dismiss. *Id.* at 302. Rather, to evaluate the affidavits and the Government's arguments in favor of dismissal, the court and the parties required a full record. The court therefore held that "the Government must produce the [administrative record] in order to allow Plaintiff to rely upon it as well as to enable the Court to evaluate the strength of both Parties' arguments." *Id.*

This Court should follow *Vargus* and hold the same. It does not matter whether the two declarations on which Defendants rely here are themselves part of the administrative record Defendants must produce. The question, as *Vargus* explains, is whether the Court can "fully evaluate [the declarations] without the Administrative Record." *Id*. A review of Defendants' declarations shows that the answer to that question is no. As described above, the Castano declaration makes assertions about the scope of the policy and DHS's plans for initially implementing it; the agency's view of the policy's relationship to and effect on prior agency policy; and the need for further analysis of the policy's impact and utility. All these factual assertions regarding Defendants' implementation of the Home Entry Memo go to the heart of Defendants' jurisdictional arguments. They cannot be meaningfully answered without reference to the information that may be contained in the administrative record.

11

**CONCLUSION**

For the reasons stated above, the Court should grant Plaintiffs' motion for jurisdictional

discovery, deny Defendants' motion for relief from Local Civil Rule 7(n), and enter the attached

Proposed Orders.

Dated: July 20, 2026

Respectfully submitted,

/s/ Kristy Parker

Kristy Parker, D.C. Bar No. 1542111
Shalini Goel Agarwal, D.C. Bar No. 990963
**Protect Democracy Project**
2020 Pennsylvania Ave NW
Washington, DC 20006
Tel: (202) 579-4582
kristy.parker@protectdemocracy.org
shalini.agarwal@protectdemocracy.org

Conor Gaffney***
**Protect Democracy Project**
201 St. Charles Ave, Suite 114
New Orleans, LA 70170
Tel: (202) 579-4582
conor.gaffney@protectdemocracy.org

Julia L. Torti***
**Protect Democracy Project**
82 Nassau Street, #601
New York, NY 10038
Tel: (202) 579-4582
jules.tori@protectdemocracy.org

Michael Perloff, D.C. Bar No. 1601047
Aditi Shah, D.C. Bar No. 90033136
**ACLU Foundation of the District of Columbia**
529 14th Street NW, Suite 722
Washington, D.C. 20045
Tel: (202) 457-0800
mperloff@acludc.org
ashah@acludc.org

Jenn Rolnick Borchetta***
Sapana Anand***
**American Civil Liberties Union Foundation**

13

125 Broad Street
New York, NY 10004
Tel: (914) 462-2363
jborchetta@aclu.org
sanand@aclu.org

Spencer Amdur*
Oscar Sarabia Roman*
**American Civil Liberties Union
Foundation**
425 California Street, 7th Floor
San Francisco, CA 94104
Tel: (415) 343-0770
samdur@aclu.org
osarabia@aclu.org

Kathryn Huddleston**
Lucia Goin, D.C. Bar No. 1739389
**American Civil Liberties Union
Foundation**
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Tel: (212) 549-2500
khuddleston@aclu.org
lgoin@aclu.org

Benjamin Casper***
Teresa Nelson***
Catherine Ahlin-Halverson***
Alicia Granse***
**American Civil Liberties Union of
Minnesota**
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 529-1692
bcasper@aclu-mn.org
tnelson@aclu-mn.org
cahlin@aclu-mn.org
agranse@aclu-mn.org

14

James K. Langdon***
Thomas P. Swigert***
Michael Rowe***
**Dorsey & Whitney LLP**
50 South Sixth Street, Suite 1500
 Minneapolis, MN 55402
Tel: (612) 340-2600
langdon.jim@dorsey.com
swigert.tom@dorsey.com
rowe.michael@dorsey.com

Steven J. Wells*
1201 Yale Place, #1806
Minneapolis, MN 55403
(612) 360-7870
stevewells612@gmail.com

*Application for pro hac vice forthcoming.
**Admitted to practice in Texas and Arizona. Practice limited to federal courts and under the supervision of a member of the D.C. Bar.
*** Admitted pro hac vice.

15