**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TEYANA GIBSON BROWN, *et al.*,

 *Plaintiffs*,

  *v.*

MARKWAYNE MULLIN, in his official capacity as
Secretary of the U.S. Department of Homeland
Security, *et al.*,

 *Defendants*.

No. 1:26-cv-01131-TSC

**DEFENDANTS' COMBINED RESPONSE TO PLAINTIFFS' MOTION FOR
JURISDICTIONAL DISCOVERY AND REPLY IN SUPPORT OF THEIR MOTION FOR
RELIEF FROM LOCAL CIVIL RULE 7(n)(1)**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

I.      The Court Should Deny Plaintiffs' Motion for Jurisdictional Discovery. ......................... 2

II.     The Court Should Grant Defendants' Motion for Relief from Local Rule 7(n). .............. 10

## TABLE OF AUTHORITIES

**Cases**

*Amfac Resorts, LLC v. U.S. Dep't of the Interior*,
143 F. Supp. 2d 7 (D.D.C. 2001) ................................................................... 2, 5

*Am-Pro Protective Agency, Inc. v. United States*,
281 F.3d 1234 (Fed. Cir. 2002) ...................................................................... 7

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983).............................................................................. *passim*

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)........................................................................................ 4

*Cmty. for Creative Non–Violence v. Lujan*,
908 F.2d 992 (D.C. Cir. 1990) ................................................................... 3, 5

*Common Sense Salmon Recovery v. Evans*,
217 F. Supp. 2d 17 (D.D.C. 2002) .................................................... *passim*

*Diamond Chem. Co. v. Atofina Chemicals, Inc.*,
268 F. Supp. 2d 1 (D.D.C. 2003) ................................................................. 6

*FC Inv. Grp. LC v. IFX Markets, Ltd.*,
529 F.3d 1087 (D.C. Cir. 2008) ................................................................. 10

*Fischer v. U.S. Dep't of Just.*,
723 F. Supp. 2d 104 (D.D.C. 2010) ............................................................. 7

*Holland v. Cardem Ins. Co.*,
2020 WL 9439381 (D.D.C. June 22, 2020) ................................................. 6

*Ignatiev v. United States*,
238 F.3d 464 (D.C. Cir. 2001) ..................................................................... 6

*James Madison Ltd. v. Ludwig*,
82 F.3d 1085 (D.C. Cir. 1996) ..................................................................... 3

*Lewis v. Mutond*,
62 F.4th 587 (D.C. Cir. 2023) ...................................................................... 9

*Lopes v. Jetsetdc, LLC*,
4 F. Supp. 3d 238 (D.D.C. 2014) ................................................................. 6

*Murthy v. Missouri,*
603 U.S. 43 (2024)..................................................................................................... 4

*Noem v. Vasquez Perdomo*,
146 S. Ct. 1 (2025)..................................................................................................... 4

*Onafeko v. U.S. Dep't of Homeland Sec.*,
2020 WL 2770016 (D.D.C. May 28, 2020) ........................................................... 7, 8

*SafeCard Servs., Inc. v. SEC*,
926 F.2d 1197 (D.C. Cir. 1991)................................................................................ 8

*Saratoga Dev. Corp. v. United States*,
21 F.3d 445 (D.C. Cir. 1994) ................................................................................... 5

*Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*,
940 F.2d 685 (D.C. Cir. 1991) ................................................................................ 2

*Tincher v. Mullin,*
2026 WL 948946 (D. Minn. Apr. 8, 2026).............................................................. 3

*United States v. Chem. Found., Inc.*,
272 U.S. 1 (1926)............................................................................................. 7, 8, 10

*Vargus v. McHugh*,
87 F. Supp. 3d 298 (D.D.C. 2015) ..................................................................... 11, 12

**U.S. Constitution**

U.S. Const. amend. IV ........................................................................................... 1, 10

U.S. Const. art. III................................................................................................ *passim*

**U.S. Code**

5 U.S.C. § 706........................................................................................................... 2

**Rules**

Fed. R. Civ. P. 12............................................................................................... 10, 11

Fed. R. Civ. P. 30..................................................................................................... 9

Fed. R. Civ. P. 33..................................................................................................... 9

U.S. Dist. Ct. Rules D.D.C., Rule 7(n)(1) ...................................................... 2, 10, 12

**Other Authorities**

Press Release, *ACLU of Minnesota*, ACLU of Minnesota and ACLU Comment
  on the Trump Administration Announcing an End to Operation Metro Surge
  (Feb. 12, 2026, 5:00 PM) https://www.aclu.org/press-releases/aclu-of-minnesota-and-aclu-
  comment-on-the-trump-administration-announcing-an-end-to-operation-metro-surge......... 3, 4

**INTRODUCTION**

The legal arguments Defendants have asserted in their motion to dismiss are resolvable on the pleadings and undisputed jurisdictional facts and do not warrant jurisdictional discovery. Specifically, Defendants argue that plaintiffs do not have Article III standing to see a forward-looking injunction based on past conduct, that the Lyons Guidance is not a final agency action, that the Lyons Guidance is lawful under both the Fourth Amendment and the Administrative Procedure Act based on the factual allegations presented in the Complaint, and that in the alternative, the Court should transfer this case to Minnesota where all relevant factual events occurred and where all plaintiffs live. *See generally* ECF No. 31-1. Each of these arguments would dispense of this action or, at a minimum, substantially affect future proceedings.

Plaintiffs do not dispute any of this. Instead, Plaintiffs mischaracterize Defendants' Article III standing argument—which is based purely on application of Supreme Court precedent, *see* ECF No. 31-1 at 8-11—as being based on factual material outside the four corners of the Complaint because Defendants noted the publicly reported and presumably undisputed fact that Operation Metro Surge ended six months ago. Plaintiffs also argue that Defendants' inclusion of a declaration explaining how the Secretary has paused enforcement of the Lyons Guidance to support Defendants' mootness argument somehow means that jurisdictional discovery is warranted in this case. Plaintiffs suggest that discovery is needed into Defendants' mootness argument because it relies on a declaration explaining the pause of the Lyons Guidance, but their proposed discovery is nothing more than an attack on the presumption of regularity and will do nothing to assist the Court's understanding of whether the pause moots the case.

Additionally, Plaintiffs argue that the Court should order Defendants to produce an administrative record now, despite the fact that Defendants' legal arguments presented in their

1

motion to dismiss are not based on or depend upon the documents that would make up an administrative record. Plaintiffs do so based on a strained reading of a district court opinion in which a different judge of this Court decided an administrative record was necessary in a case where the plaintiffs challenged the decisions made in an underlying administrative proceeding and the defendant relied on certain parts of the administrative record to make its legal arguments—*i.e.,* the exact scenario that Local Rule 7(n) contemplates when the government should produce an administrative record. *See* U.S. Dist. Ct. Rules D.D.C., Rule 7(n)(1) (requiring "an appendix containing copies of those portions of the administrative record that *are cited or otherwise relied upon* in any memorandum in support of or in opposition to any dispositive motion" (emphasis added)).  The administrative record setting forth the rationale for issuing the Lyons Guidance has no relevance to later actions taken by the agency to pause the Guidance or whether Plaintiffs have standing.

Accordingly, the Court should deny Plaintiffs' motion for jurisdictional discovery and grant Defendants' motion to excuse them from producing an administrative record at this stage of the proceedings.

## ARGUMENT

### I.    The Court Should Deny Plaintiffs' Motion for Jurisdictional Discovery.

Plaintiffs bring this case under the Administrative Procedure Act (the "APA"). The APA limits the Court's review to "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Courts have generally understood that judicial review is "ordinarily confined to the administrative record." *Amfac Resorts, LLC v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 11 (D.D.C. 2001) (quoting *Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991)) (collecting cases). Thus, "the basic rule [is] that generally discovery is not permitted in [APA]

2

cases because a court's review of an agency's decision is confined to the administrative record." *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002). And "[t]he administrative record includes all materials compiled by the agency that were before the agency at the time the decision was made." *Id.* (quoting *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996)) (citation modified).

Discovery in an APA case can happen in rare circumstances, but that is a high bar. Supplementation to the administrative record is limited to "when such supplementation is *necessary* to provide a full explanation of the agency's decision." *Id.* (emphasis added). But what constitutes necessity is narrow; longstanding precedent holds that discovery can occur in only very limited instances: "(1) when there is a 'strong showing of bad faith or improper behavior,' or (2) when discovery provides 'the only possibility for effective judicial review and when there have been no contemporaneous administrative findings.'" *Id.* (quoting *Cmty. for Creative Non–Violence v. Lujan*, 908 F.2d 992, 997 (D.C. Cir. 1990)).

**_Plaintiffs Are Not Entitled to Discovery on Article III Standing._** Plaintiffs argue that they are entitled to discovery on Article III standing because Defendants observed in the introduction of their memorandum in support of their motion to dismiss that "the surge [in operations] in Minnesota ended." ECF No. 39 at 4 (quoting ECF No. 31-1 at 1). It is not clear why that statement is controversial. Another court acknowledged this undisputed fact. *See Tincher v. Mullin*, 2026 WL 948946, at *3 (D. Minn. Apr. 8, 2026) ("Operation Metro Surge ('OMS') has come to an end."); *Id.* ("The Court concludes that the Injunction is now moot because OMS has ended."). Further, almost six months ago, one of Plaintiffs' counsel similarly observed that Operation Metro Surge—the ICE operation that occurred entirely in Minnesota and that undergirds this lawsuit— ended. *See* Press Release, *ACLU of Minnesota*, ACLU of Minnesota and ACLU Comment on the

Trump Administration Announcing an End to Operation Metro Surge (Feb. 12, 2026, 5:00 PM)

https://www.aclu.org/press-releases/aclu-of-minnesota-and-aclu-comment-on-the-trump-administration-announcing-an-end-to-operation-metro-surge (discussing DHS's announcement that Operation Metro Surge was ending). All the events alleged in the Complaint similarly relate to actions that took place before the date of that press release, outlining events that occurred on December 1, 2025; January 11, 2026; and January 14, 2026. *See* Compl. ¶¶ 64-147.

Standing for injunctive relief "does not exist merely because plaintiffs experienced past harm and fear its recurrence." *Noem v. Vasquez Perdomo*, 146 S. Ct. 1, 2 (2025) (Kavanaugh, J., concurring in the grant of the application for stay). Plaintiffs must show a concrete, personal, and particularized threat of future injury without reliance on a "speculative chain of possibilities." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013). In accordance with *City of Los Angeles v. Lyons*, Plaintiffs lack standing to seek prospective injunctive relief merely because they were subject to allegedly improper law-enforcement conduct in the past. *See* 461 U.S. 95, 105 (1983) (A plaintiff's "standing to seek the injunction requested depend[s] on whether he [i]s likely to suffer future injury from the use of the chokeholds by police officers."). Here, the undisputed fact that Operation Metro Surge has ended further reinforces the speculative nature of the allegations in Plaintiffs' complaint, namely that Plaintiffs do not face a real and immediate threat of repeated injury to support standing. *See Murthy v. Missouri,* 603 U.S. 43, 49-50 (2024) ("To establish standing, the plaintiffs must demonstrate a substantial risk that, *in the near future, they will suffer an injury* that is traceable to a Government defendant and redressable by the injunction they seek." (emphasis added)). The sweeping discovery Plaintiffs seek about Defendants' deliberative processes evaluating the utility and impact of the Lyons Guidance, non-party home entries, and legal advice given to DHS officers, *see* ECF No. 39 at 7, is plainly irrelevant to that legal issue.

4

But even if the timing of the surge was a disputed issue relevant to the case, discovery would be premature. In the ordinary APA case, judicial review is limited to the administrative record. *See Amfac Resorts*, 143 F. Supp. 2d at 11. No administrative record has been submitted yet, and as discussed below, there is no need to require Defendants to produce one at this stage when the entire case may be dismissed based on pure issues of law or the Court may ultimately conclude that the case should be transferred to Minnesota.

And even if the administrative record had been produced, discovery is permissible in only "two limited circumstances: (1) when there is a 'strong showing of bad faith or improper behavior,' or (2) when discovery provides 'the only possibility for effective judicial review and when there have been no contemporaneous administrative findings.'" *Common Sense Salmon Recovery*, 217 F. Supp. 2d at 20 (quoting *Cmty. for Creative Non–Violence*, 908 F.2d at 997). Plaintiffs do not come close to making either showing.

*First*, Plaintiffs have made no showing of bad faith or improper behavior, much less a "strong" showing. And this exception applies only when the Court finds that "without discovery the administrative record cannot be trusted." *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 458 (D.C. Cir. 1994). The administrative record has not yet been produced, and even if it had been, there is no evidence of bad faith by Defendants here.

*Second*, there is certainly no basis to argue that "there have been no contemporaneous administrative findings" such that discovery would lead to the "only possibility for effective judicial review." *Cmty. for Creative Non-Violence*, 908 F.2d at 997. That exception applies "[o]nly in the rare case in which the record is so bare as to frustrate effective judicial review." *Id.* at 998. Here, there is no administrative record yet, so it is improper to order discovery at this juncture.

5

Although Plaintiffs cite cases generally saying that courts can order jurisdictional discovery, *see* ECF No. 39 at 4-5, none of those cases are APA cases or relate to issues involving mootness. Instead, those cases relate to whether there was personal jurisdiction over a defendant, *see Holland v. Cardem Ins. Co.*, 2020 WL 9439381, at *11 (D.D.C. June 22, 2020); *Diamond Chem. Co. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003), whether diversity of citizenship existed because there was a question about where one defendant was domiciled, *see Lopes v. Jetsetdc, LLC*, 4 F. Supp. 3d 238, 241 (D.D.C. 2014), and whether the Secret Service had internal guidelines that could be produced in a case brought under the Federal Tort Claims Act. *See Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001). Plaintiffs cited cases do not support a general right to discovery when subject matter jurisdiction is challenged in a motion to dismiss.

In fact, Plaintiffs' requested discovery merely reinforces Defendants' arguments that Plaintiffs lack Article III standing to seek forward-facing relief or, in the alternative, that the Court should transfer the case to Minnesota. *See* ECF No. 31-1 at 8-11, 29-31. Specifically, Plaintiffs ask for information regarding the implementation of the Lyons Guidance "in the St. Paul Area of Responsibility," "Minnesota, Louisiana, and Texas," and to other homes pursuant to an administrative warrant. ECF No. 39 at 7-8. This information has nothing to do with Plaintiffs' Article III standing to seek forward-facing injunctive relief and demonstrates that Plaintiffs recognize they do not have enough to satisfy the *Lyons* standard. *See id.* at 8-11. Further, Plaintiffs' focus on information relating to "the St. Paul [Minnesota] Area of Responsibility," "warrantless home entries in Minnesota," and training provided to "DHS agents in Minnesota," *see* ECF No. 39 at 7, demonstrates that this case belongs in Minnesota. *See* ECF No. 31-1 at 29-31.

6

***The Court Should Deny Plaintiffs' Motion for Discovery on Mootness.*** Plaintiffs also argue that the Court should order discovery regarding Defendants' argument that the case is moot because the Secretary paused implementation of the Lyons Guidance. Specifically, they ask for discovery regarding the implementation of the pause, how it was communicated, to whom it was communicated, and the current status of Secretary Mullin's assessment of the Lyons Guidance and its duration. *See* ECF No. 39 at 6-7.

But Plaintiffs fail to explain how any of this discovery pertains to the relevant question: whether the case is moot due to the pause. All the proposed discovery will do is explain how the pause operates, which doesn't matter. The relevant question is whether the pause itself makes the case moot. Defendants submit that it does. *See* ECF No. 31 at 13-14. Plaintiffs appear to disagree, seemingly arguing that the voluntary cessation doctrine applies. *See* ECF No. 39 at 6.

Regardless, any discovery into how the pause was communicated to employees or about the status of the Secretary's assessment doesn't answer the question of whether the pause, in and of itself, moots the case, so discovery is unnecessary. Instead, each discovery request merely attacks the presumption of regularity. That presumption "supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chem. Found., Inc.,* 272 U.S. 1, 14-15 (1926); *see also Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239 (Fed. Cir. 2002) (noting there is a "presumption that government officials act in good faith"). That presumption applies whenever an agency files a declaration. *See Fischer v. U.S. Dep't of Just.*, 723 F. Supp. 2d 104, 108 (D.D.C. 2010) ("[A]gency affidavits are afforded a presumption of good faith . . . ." (citation omitted)); *Onafeko v. U.S. Dep't of Homeland Sec.*, 2020 WL 2770016, at *3 (D.D.C. May 28, 2020) ("Agency affidavits are accorded a presumption of good faith, which

7

cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents."' (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991))). Plaintiffs have provided no evidence—much less "clear evidence"—explaining why the presumption should not apply. *See id.*; *Chem. Found., Inc.*, 272 U.S. at 14-15. Nor do they offer any evidence that the pause is not being honored by officers in the field, such that there is a factual dispute about whether the pause is really in effect. Instead, Plaintiffs provide "purely speculative claims" for why discovery is needed into the manner and means the Secretary used to communicate the pause and into current deliberations about the Lyons Guidance. *See Onafeko*, 2020 WL 2770016, at *3. That type of fishing expedition into internal, deliberative materials has no bearing on Defendants' mootness argument.

And like their request for discovery relating to Article III standing, Plaintiffs' request is premature. The administrative record has not been produced and Plaintiffs fall far short of demonstrating that there is a strong showing of bad faith or improper behavior or that discovery is necessary because it is "the only possibility for effective judicial review." *See Common Sense Salmon Recovery*, 217 F. Supp. 2d at 20 (citation omitted).[1]

***Plaintiffs' Requested Discovery Is Unreasonable, Unduly Burdensome, and Disproportionate.*** Even if some discovery were warranted, Plaintiffs' proposal goes far beyond the bounds of reasonable and proportionate discovery allowed by the Civil Rules. Plaintiffs provided nothing to Defendants in the parties' meet-and-confer regarding Plaintiffs' motion about the purported need for discovery, and even now, they provide only broad "topics" with the proviso

---

[1] In the event that the Court finds that Defendants' mootness arguments require discovery or an administrative record, Defendants request the Court to defer making any decision on mootness until addressing Defendants' other arguments to preserve the parties' and the Court's resources in the event that discovery is rendered unnecessary because the Court agrees with other arguments made by Defendants.

that any discovery "include[es] but is not limited to" those topics, signaling that they may ask for more discovery or topics very different from what is proposed here. *See* ECF No. 39 at 6-7. And they ask for 15 requests for production, 15 interrogatories, and three depositions regarding those topics. *Id.* That is a punitive amount of discovery to address a few fairly simple questions: whether Operation Metro Surge is over, whether Plaintiffs face a "real and immediate threat" of future arrest pursuant to the challenged policy, *Lyons*, 461 U.S. at 105, and whether the case is moot. Ordinarily, 25 interrogatories are all that parties get for an entire case, absent modification from the Court. *See* Fed. R. Civ. P. 33(a). Likewise, 10 depositions are the ordinary limit in civil cases. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). It is not even clear who Plaintiffs wish to depose. Plaintiffs also do not explain how their overbroad requests will reveal evidence that will raise a genuine factual dispute about the end of Operation Metro Surge or whether they face a likely and imminent threat of future arrest. *See Lewis v. Mutond*, 62 F.4th 587, 596 (D.C. Cir. 2023) (stating that a request for jurisdictional discovery must "describe particular ways in which jurisdictional discovery would cure [a] complaint's defect" and "cannot be a fishing expedition"). The proposed discovery—which was not attached to Plaintiffs' submission and includes the option for Plaintiffs to seek more expansive discovery—includes the manner that the pause in operations was communicated and implemented, the persons who received those directions, the timeline of the Secretary's assessment of the Lyons Guidance, how the Lyons Guidance was implemented in three States outside of D.C., the execution of administrative warrants in non-parties' homes, and the supervision of ICE's Office of the Principal Legal Advisor. *See* ECF No. 39 at 6-8. These categories are much too broad for discovery at this stage when there is no administrative record. And this proposal is nothing more than a fishing expedition based on "conjecture" and "speculation" at the early stages of this

proceeding, and the Court should deny Plaintiffs' request. *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093-94 (D.C. Cir. 2008).

**II.    The Court Should Grant Defendants' Motion for Relief from Local Rule 7(n).**

Defendants have already explained why the Court should excuse their compliance to produce an administrative record at this stage given Defendants' legal arguments that would dismiss this case entirely based on the facts in the Complaint. *See generally* ECF No. 31-1. Plaintiffs oppose this relief because "Defendants' motion to dismiss mounts a factual attack on the Court's subject matter jurisdiction, relying on evidence outside the pleadings to argue that Plaintiffs lack standing and that the case is moot," hypothesizing that "this additional information . . . might properly appear in an administrative record." ECF No. 39 at 8-9 (citation modified).

To start, as discussed, Defendants' standing argument does not rely on any factual information that can be disputed and can be argued on the basis of application of Supreme Court precedent while examining the contours of the Complaint. *See supra* 4-6. Regardless, it is not at all clear what Plaintiffs expect to glean from the administrative record that could be relevant to either standing or mootness.  The materials in the record would be those directly considered in formulating the Lyons Guidance, but those documents would not shed any light on the subsequent decision to pause the Guidance or whether Plaintiffs face an imminent threat of future injury.

Further, several of Defendants' other arguments—*e.g.*, that the Lyons Guidance is not a final agency action, *see* ECF No. 31-1 at 11-13, and that the Lyons Guidance is lawful under both the Fourth Amendment and the APA, *see id.* at 15-25—are purely legal arguments based on what Plaintiffs' pleaded in their Complaint. Though accusing Defendants of making a "plainly false" representation that their arguments are purely legal, Plaintiffs cite nothing to support that argument or explain why these arguments are not legal ones that can be decided on a Rule 12(b)(6) motion.

*See* ECF No. 39 at 8. And while true that Defendants rely on a declaration and a memorandum from the White House to "argue that Plaintiffs' FVRA claim fails" because contrary to Plaintiffs' allegations, former Acting ICE Director Lyons was appointed by the President, *see* ECF No. 39 at 9, Defendants were forthright that this part of the motion to dismiss should be examined "under the standard set out in Federal Rule of Civil Procedure 12(d), which states that for 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56' and that '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'" ECF No. 31-1 at 25 n.8.

Further Plaintiffs' argument relies almost entirely on *Vargus v. McHugh*, 87 F. Supp. 3d 298 (D.D.C. 2015). *See* ECF No. 39 at 8-11 (repeatedly citing *Vargus* and asking the Court to "follow *Vargus*" because it "is instructive"). But that case is inapposite. There, a lieutenant colonel sued the Secretary of the Army regarding whether his area of specialization was improperly classified, thus depriving him of the opportunity to achieve the rank of colonel. *Vargus*, 87 F. Supp. 3d at 299-300. He challenged the decision of the Army Board for Correction of Military Records ("ABCMR") in federal court. *Id.* The government filed a motion to dismiss the federal case, attaching several exhibits that "dr[ew] from or rel[ied] on the Administrative Record underlying" the administrative proceedings. *Id.* The court noted that "[o]ften, jurisdictional questions may be decided without recourse to the record." *Id.* at 301. But it stated that sometimes, the administrative record is needed to determine "whether the adjudicatory process was reasonable and whether the decision was consistent with Congressional intent." *Id.* (citation omitted). The court determined the administrative record was necessary in this plaintiff's case because (1) the government's mootness argument depended on whether all ABCMR-ordered changes to his record had been implemented; (2) the government's argument that it did not possess the plaintiff's records and

11

those could not be altered depended on what the agency had placed in the plaintiff's personnel file, which was part of the administrative record; and (3) the government's argument that he failed to seek particular relief from the ABCMR was based on the administrative record. *See id.* at 301-02.

Here, unlike *Vargus*, none of Defendants' arguments rely on documents in the administrative record. Defendants' standing arguments are based purely on the application of Supreme Court law. And Defendants' mootness argument depends on a declaration explaining the pause to implementation to the Lyons Guidance, which happened subsequently to Plaintiffs' filing of the Complaint and would thus not be part of the administrative record. All other arguments are purely legal.

Plaintiffs also suggest that Defendants have "painted" a "selective factual picture." ECF No. 39 at 9. But it is not clear what that picture is: the facts are sufficiently clear based on the Complaint and Defendants' accompanying declarations to decide all the legal issues presented in Defendants' motion to dismiss. And if the Court finds that an administrative record is needed later, it can do so once it has issued a decision on Defendants' motion to dismiss.

Thus, the Court should excuse Defendants from filing an administrative record under Local Rule 7(n) until the Court has decided the issues presented in Defendants' motion, which Defendants believe is the best reading of the Local Rule, as explained in their opening motion.

Dated: August 10, 2026                Respectfully submitted,

                                      BRETT A. SHUMATE
                                      Assistant Attorney General

                                      ALEXANDER K. HAAS
                                      Branch Director
                                      Federal Programs Branch

ANDREW WARDEN
Assistant Director, Federal Programs Branch

/s/ *J. Stephen Tagert*
J. STEPHEN TAGERT
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-5486
stephen.tagert@usdoj.gov
*Counsel for Defendants*

13